UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

Ronald Walker,

        Plaintiff,

                                11-3056

Michelle Saddler et al.,

        Defendants.

## <u>Order</u>

      The plaintiff is being held at Rushville Treatment and Detention Center pursuant to the Illinois Sexually Violent Persons Commitment Act, 725 ILCS 207/1 *et seq.*. He seeks leave to proceed *in forma pauperis*.

      The "privilege to proceed without posting security for costs and fees is reserved to the many truly impoverished litigants who, within the District Court's sound discretion, would remain without legal remedy if such privilege were not afforded to them." *Brewster v. North Am. Van Lines, Inc.*, 461 F.2d 649, 651 (7th Cir. 1972). Additionally, the court must dismiss cases proceeding in forma pauperis "at any time if the court determines that the action fails to state a claim." 28 U.S.C. § 1915(e)(1). Accordingly, the court grants leave to proceed in forma pauperis only if at least one federal claim is stated.

      Federal Rule of Civil Procedure 8 requires a complaint to set forth a "short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Factual allegations are accepted as true and need only give "'fair notice of what the . . . claim is and the grounds upon which it rests.'" *EEOC v. Concentra Health Serv., Inc.*, 496 F.3d 773, 776-77 (7th Cir. 2007), *quoting Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1964 (2007)(other citation omitted). However, the factual "allegations must plausibly suggest that the plaintiff has a right to relief, raising that possibility above a 'speculative level' . . . ." *Id.*, *quoting Bell Atlantic*, 127 S.Ct. at 1965, 1973 n. 14. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. . . . Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949-50 (2009), *citing Twombly*, 127 S.Ct. 1955. The court also keeps in mind that pro se pleadings are liberally construed. *Bridges v. Gilbert*, 557 F.3d 541, 546 (7th Cir. 2009).

      In Count I, the plaintiff challenges the facility's policy regarding outgoing, collect phone calls and outgoing mail. Specifically, the outgoing collect phone calls announce by a recording

that "Hello, this is a collect call from (name of resident), a resident at the Rushville Treatment and Detention Facility which is a facility of the Department of Human Services." (d/e 1-1, p. 4). The outgoing mail is required to have a return address that states "Illinois Department of Human Services, Sexually Violent Persons Treatment and Detention Facility." (d/e 1-1, p. 1). If the return address does not so state, a stamp to that effect is placed on the outside of the envelope. It appears that the policy also requires incoming mail to include the same information (d/e 1-1, p.1), but there is no allegation that incoming mail without that information is not delivered.

The plaintiff asserts that these practices hinder his ability to communicate by phone, and to receive and send mail. He alleges that his family has informed him that he should not send letters to them if the return address broadcasts that he is in a treatment center for sexually violent persons. He alleges that businesses he writes to do not want to correspond with him because of the return address or stamp. The plaintiff contends that the intent of the policy is to punish, and it is unrelated to any legitimate interest. He also asserts that it violates his privacy.

The court does not see how the phone and mail policy violates the plaintiff's constitutional rights. The plaintiff's detention at Rushville is a matter of public record, as is the fact that the Rushville Facility holds persons detained pursuant to the Illinois Sexually Violent Persons Act, as is the fact that the plaintiff was convicted of aggravated sexual assault of a victim under the age of 18 (listed on the Illinois sex offender website). If it is the stigma to which plaintiff objects, injury to reputation is not, by itself, a constitutional violation. *Paul v. Davis*, 424 U.S. 693, 712 (1976). This conclusion would be the same whether the stigma is experienced by the plaintiff or by the recipient of his letters. There might be a claim if *incoming* letters are not being delivered to the plaintiff because they are not addressed in accordance with the policy, but no plausible inference of that arises from the allegations. In sum, the plaintiff has no constitutional right to omit the name of his detention center from the return address on his letters.[1] As for the phone policy, that claim is even weaker, as the recording does not even state that the caller is in a treatment center for sexually violent persons. The plaintiff has not constitutional right to personally talk to the recipient of the phone call before the recipient accepts the collect call.

In Count II, the plaintiff challenges a disciplinary hearing he received in March 2010, on the grounds that he did not receive a copy of the disciplinary charge in full before the hearing. However, the plaintiff received only a drop in grade status and was directed to talk to his therapist. This discipline is not objectively harsh enough to trigger procedural due process protections. *See Miller v. Dobier*, 634 F.3d 412, 415 (7th Cir. 2011)(change from intermediate to

---

[1]The court does not believe that the plaintiff is trying to assert some sort of federal statutory violation, nor can the court discern one. *See,e.g., Doe v. Bd. Trustees Univ. Ill.*, 429 F.Supp.2d 930, 944 (N.D.Ill.2006) ("Every court to have considered the issue, ... has concluded that HIPAA does not authorize a private right of action"; citing cases)(*cited by Martin v. Dupont Hosp.,* 2010 WL 2346285 (N.D. Ind. 2010)(unpublished); *Butler v. IDOT*, 533 F.Supp.2d 821 (N.D. Ill. 2008)("HIPAA does not imply a private right of action).

close status not significant enough to trigger procedural due process protections).

The plaintiff also alleges that, as a result of the disciplinary finding, he was required to wear a "black box" on four writs, pursuant to a black box policy requiring residents to wear the black box on writs for one year if they have been found guilty of a major violation. He asserts that wearing the black box on long writs to Cook County, Illinois, caused severe pain and swelling of his wrists and hands, as well as numbness.

Requiring the plaintiff to wear black box restraints on writs does not, by itself, implicate procedural due process protections. *See Thielman v. Leean*, 282 F.3d 478, 480 (7th Cir. 2002)(person detained under Wisconsin's sexually violent persons law had no liberty interest in avoiding waist belt, leg chains and other restraints, including black box); *Miller v. Dobier*, 634 F.3d 412 (7th Cir. 2011)(no procedural due process claim where change in status was not atypical and significant, and plaintiff required to wear black box for a year).

At this point, however, the court cannot rule out a possible substantive due process claim about the application of the black box to the plaintiff, or a claim that excessive force was used in applying the black box to him (though it is not clear that the correct defendants are named on this latter claim). However, no plausible inference arises that the following defendants had anything to do with the black box claim: Saddler, Duffin, Blaesing, Pennock, Jumper, Simpson, and Hays. These defendants will accordingly be dismissed. Determinations of the involvement of the other defendants will await a more developed record.

In Count III, the plaintiff alleges that he is required to work without fair pay in U.S. dollars. Inmates serving a conviction may be required to work without pay. *Vanskike v. Peters*, 974 F.2d 806 (7th Cir. 1992)("The Thirteenth Amendment excludes convicted criminals from the prohibition of involuntary servitude, so prisoners may be required to work. . . . Further, there is no Constitutional right to compensation for such work; . . . .). However, the plaintiff is not serving a conviction.

Yet the plaintiff does not appear to be alleging that he is *actually* forced to work. He appears to allege either that he has to work if he consents to treatment, or that he has to work in order to raise his standard of living to a palatable level. He also challenges that facility's practice of paying compensation in "life reward points," which are the equivalent of U.S. dollars but can only be used in the facility.

There is nothing unconstitutional about establishing incentives such as "life reward points" or commissary privileges to participate in treatment or work. *See Sain v. Wood*, 512 F.3d 886, 895 (7th Cir. 2008)(offering transfers to new unit as an incentive to participate in treatment program was permissible). There is also nothing unconstitutional about compensating a resident with "life reward points" rather than dollars. The facility must provide humane living conditions, but no plausible inference arises that his living conditions, without the life reward points that he could earn by working, would deprive him of life's basic necessities. *See Sain*, 512 F.3d at 894. This claim will accordingly be dismissed for failure to state a claim.

IT IS THEREFORE ORDERED:

1)      Pursuant to its merit review of the complaint under 28 U.S.C. Section 1915A, the court finds that the plaintiff states an arguable constitutional claim regarding the black box policy and an arguable constitutional claim regarding the application of the black box to him in a manner that caused injury and pain.  This claim proceeds against the following defendants: Phillips, McAdory, and Williams. Defendants Saddler, Duffin, Blaesing, Pennock, Jumper, Simpson, and Hays are dismissed from this claim.

2)      Other than the claim set forth in paragraph one above, all of the plaintiff's other claims are dismissed for failure to state a claim.   At this point, the case proceeds solely on the federal claim identified in paragraph one above, and solely against the defendants identified in paragraph one.

3)      This case is  referred to the Magistrate Judge for entry of a Prisoner Scheduling Order.

4)      The defendants shall file an <u>answer</u> within the time prescribed by Local Rule.  A motion to dismiss is not an answer.  The answer should include all defenses appropriate under the Federal Rules.  The answer and subsequent pleadings shall be to the issues and claims stated in this Case Management Order.

Entered this <u>22nd</u> Day of <u> June </u>, 2011.

                                **\s\Harold A. Baker**

                        _____
                                HAROLD A. BAKER
                                UNITED STATES DISTRICT JUDGE