UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| RONALD WALKER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 11-CV-3056 |
| | ) | |
| LARRY J. PHILLIPS, | ) | |
| | ) | |
| Defendants. | ) | |

OPINION

SUE E. MYERSCOUGH, U.S. District Judge:

Plaintiff, proceeding pro se and detained in the Rushville Treatment and Detention Center, pursues claims regarding the application of the "black box" restraints to him.  (Judge Baker's 6/22/11 merit review order.)  Plaintiff claims that he suffered severe pain, swelling, and numbness from wearing the black box restraint.  The claim proceeds against Defendants Phillips, McAdory, and Williams.  Id.

On September 27, 2012, the Court directed Defendants to produce to Plaintiff "all documents addressing the application of black box

restraints to residents, including directives, training materials, and documents outlining the potential harm of incorrect application, if any." Defendants produced some relevant documents to Plaintiff and filed a motion for leave to file certain directives under seal, asserting security concerns.

The Court has reviewed the directives submitted under seal. Defendants do not explain the security concerns presented by disclosing the directives that deal with the application of restraints. Conclusory assertions of security concerns are insufficient. Some of these same directives have already been disclosed in a recent trial before this Court, Davis v. Phillips, 09-CV-3336 (C.D. Ill., Judge Myerscough).

The Court will compel production of the directives relating to the use and application of restraints. The other directives will remain under seal because they are irrelevant to Plaintiff's claims and, at least for some of the directives, present obvious security concerns if made public.

IT IS THEREFORE ORDERED:

1) Defendants' motion for leave to file documents under seal is granted (d/e 38) to the extent Defendants seek an in camera review.

2) Pursuant to the Court's in camera review, the Court concludes that the following documents filed under seal will be produced to Plaintiff.  By January 14, 2013, Defendants are directed to provide to Plaintiff the following security and control directives for the DHS Treatment and Detention Facility: a) the policy and definitions sections; b) the procedures listed under the sections titled administrative review, use of transportation security devices, and application of transport security devices;  and, c) the staff training directives in section IX.

3) Plaintiff may supplement his response to the pending summary judgment motion by February 8, 2013, to address how the compelled information affects his claim.

ENTERED:   1/2/2013

FOR THE COURT:

                                         s/Sue E. Myerscough
                                         SUE E. MYERSCOUGH
                                         UNITED STATES DISTRICT JUDGE