**E-FILED**
Friday, 08 February, 2013  03:44:16 PM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| RONALD WALKER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 11-CV-3056 |
| | ) | |
| MICHELLE SADDLER, et al. | ) | |
| | ) | |
| Defendants, | ) | |

OPINION

SUE E. MYERSCOUGH, U.S. District Judge.

Plaintiff, proceeding pro se, is detained in the Rushville Treatment and Detention Center.  He pursues claims arising from the application of the "black box" restraint to him on four transports outside of the facility in 2010 and early 2011.

Defendants' motion for summary judgment will be granted. Plaintiff's general challenge to the black box policy fails to state a claim under Miller v. Dobier, 634 F.3d 412, 414-15 (7th Cir. 2011), which held that the addition of the "black box" restraint during transports on outside writs is not a constitutionally significant deprivation.  Further, Plaintiff does not sue the individuals

1

personally responsible for allegedly incorrectly applying the restraints.

## SUMMARY JUDGMENT STANDARD

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A movant may demonstrate the absence of a material dispute through specific cites to admissible evidence, or by showing that the nonmovant "cannot produce admissible evidence to support the [material] fact." Fed. R. Civ. P. 56(c)(B). If the movant clears this hurdle, the nonmovant may not simply rest on his or her allegations in the complaint, but instead must point to admissible evidence in the record to show that a genuine dispute exists. Id.; Harvey v. Town of Merrillville, 649 F.3d 526, 529 (7th Cir. 2011). "In a § 1983 case, the plaintiff bears the burden of proof on the constitutional deprivation that underlies the claim, and thus must come forward with sufficient evidence to create genuine issues of material fact to avoid summary judgment." McAllister v. Price, 615 F.3d 877, 881 (7th Cir. 2010).

At the summary judgment stage, evidence is viewed in the

light most favorable to the nonmovant, with material factual

disputes resolved in the nonmovant's favor.  Anderson v. Liberty

Lobby, Inc., 477 U.S. 242, 248 (1986).  A genuine dispute of

material fact exists when a reasonable juror could find for the

nonmovant.  Id.

FACTS

Plaintiff is detained in the Rushville Treatment and Detention

Center pursuant to the Illinois Sexually Violent Persons Act.

On March 10, 2010, Plaintiff received a notice to appear before

the "Behavior Committee" on charges of unauthorized movement.

According to the notice, Plaintiff had been observed entering

another resident's room and leaving that room carrying something.

(3/10/10 Notice, d/e 34-1, p. 11.)  Plaintiff contends that he did

not have a meaningful opportunity to defend himself at the

disciplinary hearing and that he had only retrieved his own property

from the resident's room.

The Behavior Committee found Plaintiff guilty of unauthorized

movement, dropping Plaintiff in "grade status," which meant the

loss of some privileges.  Because the Committee classified the

offense as "major," Plaintiff was required to wear a "black box" on

trips outside the facility for one year, in addition to the regular

hand and leg restraints.  A "black box" is a plastic, rectangular box

that is applied after the handcuffs are applied.  The box is placed

between the hands and over the handcuff chain.  Miller v. Dobier,

634 F.3d 412, 414 (7th Cir. 2011).

Plaintiff alleges that he had to wear the black box on four trips

outside the facility, each round trip lasting a total of 10-15 hours.

He alleges that the black box caused him severe pain, swelling, and

numbness.  (Compl., p. 17.)

ANALYSIS

As Judge Baker explained in his merit review order, Seventh

Circuit precedent precludes a procedural due process challenge to

the application of the black box to Plaintiff.  (6/2/11 Order, d/e 8.)

In Thielman v. Leean, 282 F.3d 478, 480 (7th Cir. 2002), the

Seventh Circuit held that a person detained under Wisconsin's

sexually violent persons law had no constitutionally-protected

liberty interest in avoiding waist belt, leg chains and other

restraints, including the black box.  More recently, the Seventh

Circuit held that a detainee at the Rushville Treatment and

Detention Center had no procedural due process claim because the

4

deprivations he had suffered—demotion in status and application of the black box for one year—were not the kind of "'atypical and significant'" deprivations that might trigger procedural due process protections.  Miller v. Dobier, 634 F.3d 412, 415 (7th Cir. 2011)(quoted cite omitted).

Judge Baker granted Plaintiff leave to proceed in forma pauperis on a possible *substantive* due process challenge to the use of the black box.  However, Miller and Thielman foreclose a substantive due process claim as well.  If the black box is not an atypical and significant deprivation, then its use offends neither procedural nor substantive due process.  *See* Levi v. Thomas, 2011 WL 2880766 * 2 (7th Cir. 2011)(unpublished)(Rushville resident's procedural and substantive due process challenge to application of black box for a "major violation" could not succeed because the resident had no constitutionally protected interest in avoiding black box).  To the extent Plaintiff seeks to distinguish his facts from the facts in Miller and Thielman, Plaintiff presents no evidence that, applied properly, the black box amounts to an atypical and significant deprivation, either generally or in his specific case.  *See* Facility Directive 3.0006 (III)(A)(1)("Security devices shall be applied

to wrists, waist, and ankles in a secure manner, but so as not to restrict circulation.")(d/e 43-2, p. 6).   In short, the use of the black box is not considered "punishment" under constitutional standards.

This conclusion does not foreclose a claim based on the *improper* application of the black box.  For example, a claim might arise if the black box were applied too tightly, causing pain and injury, or if a resident had a medical condition precluding the use of the black box restraint.

Plaintiff does allege that he suffered "sever[e] pain, swelling of his wrist and hands, numbness, and los[s] of feeling in his hands" each time he wore the black box. (Compl. p. 17.)  However, Plaintiff does not sue the individual officers who applied the black box to him on the four occasions he traveled outside the facility.  A Defendant holding a supervisory position, like the Defendants here, are not liable for a subordinate's unconstitutional conduct.  Chavez v. Illinois State Police, 251 F.3d 612, 651 (7th Cir. 2001)(no respondeat superior liability under § 1983).  Supervisors are liable only if they were personally responsible for the constitutional violation, meaning that they participated in, directed, condoned, or turned a blind eye to the constitutional violation.  Matthews v. City

of East St. Louis, 675 F.3d 703, 708 (7th Cir. 2012)("To show personal involvement, the supervisor must 'know about the conduct and facilitate it, approve it, condone it, or turn a blind eye for fear of what they might see.'")(quoted cite omitted); Kuhn v. Goodlaw, 678 F.3d. 552, 555 (7th Cir. 2012)("§ 1983 liability is premised on the wrongdoer's personal responsibility").  Plaintiff presents no evidence that the Defendants were personally responsible for an officer's improper application of the black box to Plaintiff.  Accordingly, summary judgment is mandated for Defendants.

IT IS THEREFORE ORDERED:

1. Defendants' motion for summary judgment is granted (d/e 33).  The clerk of the court is directed to enter judgment in favor of Defendants and against Plaintiff.  All pending motions are denied as moot (d/e 44), and this case is terminated, with the parties to bear their own costs.  All deadlines and settings on the Court's calendar are vacated.

2.  If Plaintiff wishes to appeal this judgment, he must file a notice of appeal with this Court within 30 days of the entry of judgment.  Fed. R. App. P. 4(a)(4).  A motion for leave to appeal

in forma pauperis should identify the issues Plaintiff will

present on appeal.  See Fed. R. App. P. 24(a)(1)(c).

ENTER:    February 8, 2013

FOR THE COURT:


                                    __**s/Sue E. Myerscough**__
                                    SUE E. MYERSCOUGH
                              UNITED STATES DISTRICT JUDGE